UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY WILLIAMS,<br><br>                  Plaintiff,<br><br>     v.<br><br>TXU ENERGY RETAIL COMPANY LLC, *et al.*,<br><br>                  Defendants. | Case No.  2:25-cv-3048-DC-JDP (PS)<br><br><br>ORDER |

Defendants Trans Union LLC and Equifax Information Services, LLC, joined by

defendant Experian Information Solutions, Inc., move to dismiss plaintiff's complaint under

Federal Rule of Civil Procedure 12(b)(6).[1]  ECF Nos. 6 & 11.  Because the complaint fails to

---

[1] Plaintiff has also asserted claims against defendant TXU Energy Retail Company, LLC. *See* ECF No. 1.  However, to date, TXU has not appeared in this action, and plaintiff has not filed a proof of service demonstrating that TXU was properly served.  *See* Fed. R. Civ. P. 4(l).
    Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*  Accordingly, plaintiff shall show cause within fourteen days from the date of this order why TXU should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m).

1

allege specific factual allegations necessary to sustain a claim under the Fair Credit Reporting Act, defendants' motion is granted, and the complaint is dismissed with leave to amend.[2]

**Defendants' Motion to Dismiss**

I.      Factual Allegations

Plaintiff alleges that defendants, three credit reporting agencies ("CRAs"), violated the Fair Credit Reporting Act ("FCRA") in their handling of inaccurate and incomplete accounts on his credit reports.[3]  ECF No. 1 at 4.  Plaintiff claims that he filed disputes with defendants about his credit reports, but he fails to specify the accounts at issue, what was wrong with them, what changes he requested, or how the inaccuracy was addressed or not addressed by the CRAs.  *See id.* at 4-6.

II.      Rule 12(b)(6) Standard

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

---

[2] Plaintiff's claims against TXU are also dismissed.  "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."  *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981).  "Such a dismissal may be made without notice where the [plaintiff] cannot possibly win relief."  *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).  Here, TXU is in a position similar to that of the moving defendants and the claims against all defendants are integrally related.

[3] References to "defendants" herein refer to the three defendant CRAs who have filed the motion to dismiss.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, a liberal interpretation of a complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

III.    Fair Credit Reporting Act

Defendants argue that the amended complaint does not state FCRA claims because it lacks factual allegations establishing what inaccurate information or accounts are at issue. ECF No. 6 at 6. The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009); *see also* 15 U.S.C. § 1681(a). In 15 U.S.C. §§ 1681n & o, the FCRA provides a private right of action against CRAs that willfully or negligently fail to comply

3

with 15 U.S.C. § 1681i, which sets forth their duties regarding resolution of disputed credit report information.

Construing the complaint liberally, it fails to set forth adequate factual allegations regarding what information or accounts plaintiff alleges were inaccurate.  A plaintiff must allege a specific credit report inaccuracy to make a prima facie showing of inaccurate reporting by a CRA.  *See Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018); *see also Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (holding that "in order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a [CRA] prepared a report containing inaccurate information").  Inaccurate credit reporting information must be pled for plaintiff to allege that the CRAs failed to follow reasonable procedures or conduct reasonable investigations.  *See Flores v. Mo. Higher Educ. Auth.*, No. 1:25-cv-0940-JLT-EGC, 2026 WL 1622878, *4-5 (E.D. Cal. June 5, 2026); *Oki v. TransUnion LLC*, No. 25-cv-8070-HSG, 2025 WL 3719288, *2-3 (N.D. Cal. Dec. 23, 2025).  I will grant plaintiff leave to amend the complaint.

Accordingly, it is hereby ORDERED that:

1. Defendants' motion to dismiss, ECF No. 6, is GRANTED.

2. Plaintiffs' complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Plaintiff shall show cause within fourteen days from the date of this order why defendant TXU should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m).

IT IS SO ORDERED.

Dated:    June 24, 2026                          _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE